IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jardon Artis,                              )
          Petitioner,                      )
                                           )
v.                                         )          1:11cv1181 (AJT/TCB)
                                           )
Harold Clarke,                             )
          Respondent.                      )

MEMORANDUM OPINION

Jardon Artis, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the

Circuit Court for the County of Southampton, Virginia.   On January 4, 2012, respondent filed a

Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief.   Petitioner was given

the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975), and he has filed a reply.   Accordingly, this matter is now ripe for disposition.   For the

reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be

dismissed.

I. Background

Petitioner is confined pursuant to a final judgment of the Circuit Court for the County of

Southampton, Virginia entered on February 26, 2010.   Following a bench trial, petitioner was

convicted of aggravated malicious wounding, attempted robbery, use of a firearm during the

commission of an attempted robbery, discharge of a firearm in public, conspiracy to commit

robbery, possession of a firearm by a convicted felon, and use of a firearm in the commission of

aggravated malicious wounding.   Nos. CR09000045-00 through CR09000050-00 and CR090000

52-00.   The trial court sentenced petitioner to fifty-five years' incarceration, with forty years

suspended, for a total active sentence of fifteen years.   Id.   The per curiam opinion issued by the

Court of Appeals of Virginia denying petitioner's petition for appeal on direct review establishes

the following underlying facts:

> [D]uring the early morning hours on September 30, 2008, Timothy
> Lamonte Warren discussed purchasing a large quantity of marijuana
> with his friend Travis Boyd.   Anterrio Bradley joined the
> discussion and tried to convince Warren to purchase the drug from
> someone else.   Warren explained that Dominque Smallwood tried
> to enter the establishment as the men conversed but he was not
> allowed inside.   Later, Warren sat on the front porch with a woman
> when Daremus Lewis and Vernon Winstead arrived.   Both men
> held guns and ordered Warren to "give it up."   Smallwood and
> Duray Hudson were also in the vicinity.   Warren explained that
> another man, similar in appearance to appellant, was also at the
> scene.   Warren fled the scene and was shot four times.   He
> explained that numerous shots were fired.   Warren explained the
> shots came not only from Lewis and Winstead, but also from the
> area where the other men were standing.   All the men initially ran
> away in different directions.   Warren suffered extensive injuries as
> a result of the shooting, including paralysis from the waist down.
>
> Although Warren initially identified appellant as a participant in the
> attack, he later acknowledged that he could not be certain appellant
> was there.
>
> Following his arrest, Lewis informed the police that appellant was
> involved in the plan to rob Warren, that appellant was carrying a gun
> that night, and that Winstead gave appellant the gun he used after
> the shooting.   Lewis later testified appellant was not involved in the
> crimes.   Two witnesses testified appellant admitted his
> involvement in the plan and participation in the crimes while he was
> incarcerated.

R. No. 0543-10-1, at 1-2, Respt.'s Ex. 3, ECF No. 12-3.

Petitioner pursued a direct appeal, arguing the evidence was insufficient to support his

convictions.   The Court of Appeals of Virginia denied the appeal in a per curiam order dated

September 9, 2010.   R. No. 0543-10-1.   On January 6, 2011, the Supreme Court of Virginia

refused petitioner's request for further appeal.   R. No. 101914, Respt.'s Ex. 5, ECF No. 12-5.

Petitioner did not file a state habeas petition.

On October 14, 2011, petitioner timely filed the instant federal habeas petition,[1] raising the

following claims:

> (1) The evidence was insufficient to sustain his conviction of aggravated malicious wounding because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt.

> (2) The evidence was insufficient to sustain his conviction of attempted robbery because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt.

> (3) The evidence was insufficient to sustain his conviction of conspiracy to commit robbery because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt.

> (4) The evidence was insufficient to sustain his conviction of possession of a firearm in an aggravated malicious wounding or possession of a firearm in the commission of a robbery because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt.

> (5) The evidence was insufficient to sustain his conviction of discharge of a firearm in public because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt.

> (6) The evidence was insufficient to sustain his conviction of possession of a firearm by a convicted felon because the prosecution's case was based on circumstantial evidence that failed to prove the elements of the crime beyond a reasonable doubt

These claims are the same claims presented by petitioner on direct appeal.   Therefore, it is

uncontested that the claims are exhausted for purposes of federal review.   Accordingly, the Court

---

[1]For pro se prisoners a petition is deemed filed when the prisoner places it in the prison mailing system.   Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).   In this case, petitioner certifies that he placed the petition in the prison mailing system on October 14, 2011.   See Pet. at 14, ECF No. 1.

will address the merits of petitioner's claims.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts.   28 U.S.C. § 2254(d).   The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard.   See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).   A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."   Id, at 413.   Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."   Id.   Importantly, this standard of reasonableness is an objective one.   Id. at 410.   Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves."   McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

A. Insufficiency of the Evidence:

In each of petitioner's claims, he challenges the sufficiency of the evidence supporting his convictions.   When petitioner raised these claims on direct appeal, the Virginia Court of Appeals rejected them, explaining:

4

The trial court believed the Commonwealth's witnesses and rejected appellant's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Lewis initially informed the police that appellant was directly involved in the crimes, including planning the robbery and supplying guns to other participants. The jailhouse witnesses corroborated that portion of Lewis' statement, leading the trial court to find their testimony credible. The record supports the trial court's determination. Ample evidence established appellant was directly involved in the planning of the crimes, was present at the scene, and actively participated in their commission. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated malicious wounding, attempted robbery, conspiracy, discharging a firearm in public, possession of a firearm by a convicted felon, and two counts of use of a firearm during the commission of a felony.

R. No. 0543-10-1, at 1-2, Respt.'s Ex. 3, ECF No. 12-3. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Artis v. Commonwealth, R. No. 101914, Respt.'s Ex. 3, ECF No. 12-5.

On federal habeas review, the standard for claims challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt

determination or "replac[ing] the state's system of direct appellate review").    Instead, the federal court must determine only whether the trier of fact made a rational decision to convict.   Herrera v. Collins, 506 U.S. 390, 402 (1993).

     In this case, most if not all of petitioner's argument is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which is plainly prohibited by the foregoing authorities.    Additionally, to the extent petitioner argues that this Court should conclude that the witnesses' testimony at trial was incredible, his argument must fail.    In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses.   United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).    Instead, the federal court is bound by credibility determinations made by the state court trier of fact.   United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).    Thus, petitioner's argument fails to satisfy his burden of demonstrating that the rejection of his claims by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law.    Accordingly, this Court must defer to the state court's decision, and the petition must be dismissed.   Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

## V. Conclusion

     For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed.   An appropriate Order shall issue.

Entered this __2 9__ day of __M a y__ 2012.

Alexandria, Virginia

                                        /s/
                                 Anthony J. Trenga
                                 United States District Judge